In the Matter of the Claim of LUCIOUS J. RALEY, Respondent, against E. I. DU PONT DE NEMOURS & COMPANY, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board in favor of claimant for disability. Claimant was employed as a salt operator in a plant which manufactured chemicals at Niagara Falls, New York. While pulling a hand truck on an icy roadway at the plant he slipped and fell, striking the right side of his chest against the handles of the truck and then falling directly on his buttocks. As a result of that accident claimant suffered a fracture of the tenth rib, concerning which there is no dispute. It has been found by the board that he also sustained a herniated disc in the fifth lumbar interspace as a result of the accident. One of appellant's contentions here is that there was no substantial evidence to sustain the finding of causal relation between the accident and the back injury. We think the record contains substantial evidence to sustain the finding of causal relation. One physician testified unequivocally that in his opinion the accident was responsible for his back symptoms, and another physician testified that there was a "probable possibility" that his back condition was the result of the accident. Appellant also contends that the referee did not conduct the hearing before him in a fair and impartial manner. It appears that claimant was not represented by counsel and the referee merely acted in the furtherance of his duty, in questioning the doctors, to make such an investigation or inquiry as would reveal the substantial rights of the parties. Where claimant is not represented by counsel the duty of questioning witnesses necessarily rests, to a great extent, upon the referee; and moreover he is not bound by technical rules of evidence or procedure (Workmen's Compensation Law, § 118). We find no merit to appellant's contention that the board did not act within its statutory power in referring the case to impartial specialists for their opinions. In its memorandum decision, dated April 21, 1953, when the case was referred to impartial specialists, the board stated that after the doctors' reports were filed the matter was to be referred to the referee's calendar for the cross-examination of the specialists if the parties so desired. There is no indication in the record that appellant requested the right to cross-examine these physicians. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J. Bergan, Coon, Halpern and Imrie, JJ.